| | |
|---|---|
| 1 | R. JASON READ, State Bar No. 117561 |
| 2 | ELISE O'BRIEN, State Bar No. 245967 |
|   | RYNN & JANOWSKY, LLP |
| 3 | 4100 Newport Place Drive, Suite 700 |
|   | Newport Beach, CA 92660 |
| 4 | T: 949.752.2911 |
|   | F: 949.752.0953 |
| 5 | Jason@rjlaw.com |
| 6 | Elise@rjlaw.com |
| 7 | |
| 8 | Attorney for Plaintiff |
|   | SHAPIRO-GILMAN-SHANDLER CO. |

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SHAPIRO-GILMAN-SHANDLER CO., a corporation; <br><br> Plaintiffs, <br><br> v. <br><br> AGWA, INC., a corporation d/b/a NORTH PARK PRODUCE CHULA VISTA, also d/b/a GLOBAL GROCER & PRODUCE MARKET, also d/b/a GLOBAL GROCER; ROSETTE SOWELL, an individual; WILLIAM SOWELL, an individual; SHELDON NEHME, an individual; BRENDA NEHME, an individual; JAMIL NEHME, an individual, <br><br> Defendants. | Case No. <br><br> **'10 CV 2628 L CAB** <br><br> **COMPLAINT FOR:** <br> (1) BREACH OF CONTRACT <br> (2) ENFORCEMENT OF STATUTORY TRUST PROVISIONS OF PACA (7 U.S.C. SEC. 499a, ET SEQ.) <br> (3) FAILURE TO MAINTAIN PACA TRUST ASSETS <br> (4) FAILURE TO ACCOUNT AND PAY PROMPTLY <br> (5) BREACH OF FIDUCIARY DUTY <br> (6) UNJUST ENRICHMENT <br> (7) CONVERSION <br> (8) DECLARATORY RELIEF <br> (9) FEES, COSTS AND INTEREST AND/OR FINANCE CHARGES |

Plaintiff, SHAPIRO-GILMAN-SHANDLER CO. brings this civil action against Defendants AGWA, INC., a corporation d/b/a NORTH PARK PRODUCE, also d/b/a GLOBAL GROCER & PRODUCE MARKET, also d/b/a GLOBAL GROCER; ROSETTE SOWELL, an individual; WILLIAM SOWELL, an individual; SHELDON NEHME, an individual; BRENDA NEHME, JAMIL NEHME, an individual for damages and alleges as follows:

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §1331 because Plaintiff's causes of action are based upon a law of the United States, namely, Perishable Agricultural Commodities Act of 1930 ("PACA"), as Amended, 7 U.S.C. §499e, authorizing the enforcement of payment from the PACA trust by a trust beneficiary and damages for unlawful conduct under PACA.

2. Venue properly lies in this judicial district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and in that all Defendants are domiciled in this district.

## II.

## THE PARTIES

3. Plaintiff, SHAPIRO-GILMAN-SHANDLER CO. ("Shapiro" or "Plaintiff") is and at all times material herein was a corporation organized to do and doing business under the laws of California, with its principal place of business located in the City of Los Angeles, State of California.

4. Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

5. The Defendants are as follows:

A. Defendant AGWA, INC. ("AGWA") is and during all times herein mentioned was a corporation doing business as NORTH PARK PRODUCE CHULA VISTA ("North Park"), also doing business as GLOBAL GROCER & PRODUCE MARKET, also doing business as GLOBAL GROCER, with its principal place of business in Chula Vista, California, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of PACA and licensed thereunder as a dealer operating under PACA license no. 20090278.

B. Defendant ROSETTE SOWELL ("RS") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of AGWA

2

and who is and during times relevant herein was listed on AGWA's PACA license as a Reported Principal of AGWA.

C. Defendant WILLIAM SOWELL ("WS") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of AGWA and who is and during times relevant herein was listed on AGWA's PACA license as a Reported Principal of AGWA.

D. Defendant SHELDON NEHME ("SN") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of AGWA and who is and during times relevant herein was listed on AGWA's PACA license as a Reported Principal of AGWA.

E. Defendant BRENDA NEHME ("BN") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of AGWA and who is and during times relevant herein was listed on AGWA's PACA license as a Reported Principal of AGWA.

F. Defendant JAMIL NEHME ("JN") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of AGWA and who is and during times relevant herein was listed on AGWA's PACA license as a Reported Principal of AGWA.

6. Defendants RS, WS, SN, BN and JN will be referred to as the "Individual Defendants." Defendant AGWA and the Individual Defendants will be referred to collectively as the "Defendants."

## III.

## BACKGROUND

7. Defendant AGWA is and during all times mentioned herein was, engaged in the business of selling wholesale quantities of fresh fruit and vegetables in interstate and foreign commerce.

8. At all times relevant herein, Defendants, and each of them, were engaged in the handling of produce in interstate commerce as commission merchants, dealers and/or brokers,

3

1  operating under PACA license number 20090278, subject to the provisions of the PACA and the
2  regulations promulgated by the Secretary of Agriculture of the United States of America
3  pursuant to the PACA.

4      9.    Plaintiff is informed and believes and thereon alleges that the Individual
5  Defendants are and at times relevant herein were shareholders, officers, directors and/or
6  principals of Defendant AGWA, and in that capacity, controlled or were in positions to control
7  the disposition of AGWA's assets, including its PACA trust assets, over which the Individual
8  Defendants owe a continuing statutory fiduciary duty to Plaintiff.

## IV.

## FIRST CAUSE OF ACTION

**(Breach of Contract Against Defendant AGWA)**

10.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 9 inclusive, of this Complaint as though fully set forth herein.

11.    At all times relevant herein, Defendant AGWA was engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce in wholesale and jobbing quantities as defined by 7 C.F.R. §46.2(x), as a commission merchant, dealer and/or broker, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

12.    In a series of transactions, from on or about August 23, 2010 through November 30, 2010, Plaintiff sold and shipped perishable agricultural commodities to Defendant AGWA at AGWA's request for which AGWA agreed to pay Plaintiff CHR in the principal amount at least as great as the sum of $105,258.51.

13.    At or about the date of each transaction described above, Plaintiff forwarded to Defendant AGWA invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities. Plaintiff has repeatedly demanded that Defendant pay the amounts due and owing under the invoices, cumulatively totaling the principal amount of at least $105,258.51 however, Defendant AGWA has failed and refused and continues to fail and refuse to pay Plaintiff for the produce purchased by Defendant as set forth above.

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

14. Plaintiff has performed all conditions, covenants and obligations required to be performed by them under the agreements for sales of produce as set forth herein.

15. As a direct and proximate result of the failure of Defendant AGWA to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the cumulative principal amount of at least $105,258.51, plus recoverable finance charges and attorneys' fees pursuant to written terms of sale.

V.

**SECOND CAUSE OF ACTION**

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive of this Complaint as though fully set forth herein.

17. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)]. Plaintiff operated its business subject to PACA license number 19185689, which was issued by the United States Department of Agriculture – PACA Branch.

18. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

19. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon receipt of the perishable agricultural commodities sold by Plaintiff to Defendant AGWA, Defendants, and each of them, became trustees of the PACA trust for the benefit of Plaintiff in the cumulative amount of at least $105,258.51. The PACA trust consists of all Defendants' inventories of perishable agricultural commodities, all inventories of food or products derived from said commodities, all accounts receivables and other proceeds from the sale of such commodities, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

20. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff preserved its trust benefits in the total amount of at least $105,258.51 by including the

1  statutory language of 7 U.S.C. §499e(c)(4) on the face of each of its invoices for the Produce
2  sold to Defendant AGWA, and by sending those invoices to said Defendant.

3     21.   Defendants have failed to pay Plaintiff for the Produce purchased, in spite of
4  Plaintiff's repeated demands for payment.

5     22.   Pursuant to PACA 7 U.S.C §499e(c), Plaintiff is an unpaid supplier and seller of
6  Produce, and is entitled to PACA trust protection and payment from the PACA Trust Assets of
7  Defendants, and each of them.

8     23.   As a direct and proximate cause and result of the wrongful acts and omissions of
9  Defendants, Plaintiff has suffered the cumulative loss of at least $105,258.51, in the amounts
10 alleged above, plus recoverable finance charges and attorneys' fees, all of which qualifies for
11 protection under the PACA trust.

## VI.

## THIRD CAUSE OF ACTION

### (Violation of PACA:  Failure to Maintain PACA Trust Assets Against All Defendants)

24.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23, inclusive of this Complaint as though fully set forth herein.

25.   Plaintiff is informed and believes, for the reasons alleged at paragraphs 3 through 9 above, and on that basis hereby allege that Defendants, and each of them, are statutory trustees under PACA.  The PACA trust requires Defendants to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.

26.   Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the PACA Trust Assets and keep them available to satisfy Defendants' obligations to Plaintiff in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46. Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title

6

7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

27. Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from the sale of perishable agricultural commodities to their own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of such commodities or products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

28. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $105,258.51, as alleged above, plus recoverable finance charges and attorneys' fees, all of which qualifies for protection under the PACA trust.

## VII.

## FOURTH CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against All Defendants)**

29. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30. Defendants received and accepted each of the shipments of produce identified above.

31. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

32. Plaintiff has repeatedly demanded that Defendants pay the amount totaling $105,258.51 for Produce sold and delivered to Defendant AGWA as described above. Despite

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions.  Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the commodities sold, and have diverted PACA Trust Assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

33. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of $105,258.51, plus recoverable finance charges and attorneys' fees.

## VIII.

## FIFTH CAUSE OF ACTION

**(Breach of Fiduciary Duty to PACA Trust Beneficiary Against The Individual Defendants)**

34. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35. At all times relevant to this action, the Individual Defendants were officers, directors, shareholders and/or principals of Defendant AGWA

36. As controlling officers, directors, shareholders and/or principals of Defendant AGWA, the Individual Defendants had a duty to ensure that he and Defendant AGWA fulfilled all duties as PACA trustees, and that they maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

37. The Individual Defendants had full knowledge and responsibility for the handling of Defendant AGWA' duties as trustees of the PACA trust.

38. The Individual Defendants controlled or had a duty to control the operations and financial dealings of Defendant AGWA, including those involving the PACA Trust Assets.

39. Defendants, and each of them, breached their fiduciary duties to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

40. The Individual Defendants breached their fiduciary duties to direct Defendant

AGWA to fulfill its duties as PACA trustees to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce it supplied to Defendant.

41. As a direct and proximate cause and result of The Individual Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the amount of $105,258.51, plus recoverable finance charges and attorneys' fees, all of which qualifies for protection under the PACA trust.

42. The Individual Defendants are personally liable to Plaintiff for breaching their fiduciary duties in dissipating the PACA trust to the extent of $105,258.51, plus, recoverable finance charges interest and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## IX.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

43. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

44. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the cumulative amount of at least $105,258.51, as set forth above.

45. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

46. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $105,258.51.

///
///
///

## X.

## SEVENTH CAUSE OF ACTION

### (For Conversion and Unlawful Retention of PACA Trust Assets Against All Defendants)

47. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48. At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total amount of at least $105,258.51, as set forth above.

49. Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff.

50. Plaintiff is informed and believes and thereon alleges that the Individual Defendants have diverted payments of Defendant AGWA's accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and/or to other unknown third parties.

51. Upon information and belief, The Individual Defendants diverted these PACA Trust Assets in breach of the PACA trust.

52. The Individual Defendants continue to hold any and all PACA Trust Assets having come into their individual possession as trustee for Plaintiff's beneficial interest in the PACA Trust.

53. As a direct and proximate result of Defendants' receipt of PACA Trust Assets, Plaintiff has incurred damages in the cumulative amount of $105,258.51, plus recoverable finance charges and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

///

///

## XI.

## EIGHTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

54. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 53, inclusive, of this Complaint as though fully set forth herein.

55. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

56. Plaintiff seeks an Order of this Court declaring that Plaintiff's PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary. Plaintiff would show that any perfected security interest which a third party might have in the accounts receivable, inventory or proceeds of Defendants is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

57. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment are superior to and take priority over Defendants' secured and unsecured claims, if any, to the accounts receivable, inventory and the proceeds thereof of Defendant AGWA; and, (3) that only funds in excess of the trust funds necessary to pay the Plaintiff, a PACA trust beneficiary, are property of Defendants or the estate of Defendants, and possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

///

///

## XII.

## NINTH CAUSE OF ACTION

**(Fees, Costs and Interest and/or Finance Charges Against All Defendants)**

58. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 57, inclusive, of this Complaint as though fully set forth herein.

59. Defendants and each of them were required to maintain the PACA trust and to make full payment promptly to Plaintiff for the sums due under the trust as set forth herein.

60. As a result of Defendants' failure to maintain the PACA trust and to make full payment promptly to Plaintiff, Plaintiff has been required to pay attorneys' fees and costs to bring this action and to enforce its PACA trust rights against Defendants, thereby losing use of said money.

61. Plaintiff will not receive full payment as required under PACA to the extent Plaintiff must expend sums on attorneys' fees and costs incurred with enforcing its PACA trust rights against Defendants herein.

62. Plaintiff's invoices confirming the terms of the sales transactions between Plaintiff and Defendant AGWA contain written provisions providing for recovery of finance charges and/or interest at the rate of 1.5% per month or 18% per annum on all unpaid invoices from the date payment was due until paid in full, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

63. Plaintiff's invoices confirming the terms of the sales transactions between Plaintiff and Defendant AGWA contain written provisions providing for recovery of costs and attorneys' fees, which provisions were bargained-for terms of the sales agreements and are sums owing in connection with the produce sales that are the subject of this action.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

///

///

## FIRST CAUSE OF ACTION

### (For Breach of Contract Against Defendant AGWA)

1. For damages in the cumulative amount of $105,258.51 as against Defendant AGWA, as set forth above; and,

2. For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

1. For an order requiring Defendants to immediately turn over to the Plaintiff, as a PACA trust beneficiary, an amount of the PACA Trust Assets equal to the cumulative sum of $105,258.51, plus interest at the contractual rate of 18% per annum, or at the highest legal rate from the date each invoice became past due, costs and attorneys' fees; and,

2. For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation of PACA: Failure to Maintain PACA Trust Assets Against All Defendants)

1. For damages in the cumulative amount of $105,258.51, as set forth above, as against all Defendants; and,

2. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against All Defendants)

1. For an order requiring Defendants to immediately account for and to immediately pay Plaintiff the cumulative sum of $105,258.51, as set forth above; and

2. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty to PACA Trust Beneficiary Against The Individual Defendants)

1. For judgment against the Individual Defendants, joint and severally, and in favor of the Plaintiff in the cumulative amount of $105,258.51, as set forth above; and

2. For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

1. For damages in the cumulative amount $105,258.51 as against Defendants; and,

2. For such other and further relief as the Court may deem just and proper.

## SEVENTH CAUSE OF ACTION

### (For Conversion and Unlawful Retention of PACA Trust Assets Against All Defendants)

1. For an order requiring the Individual Principals to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the cumulative amount of $105,258.51, as set forth above; and,

2. For such other and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

1. For a declaratory judgment establishing that:

(a) The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b) The Plaintiff's trust claim under the PACA amendment is superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c) Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the cumulative sum of $105,258.51, as set forth above;

3. For interest or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid; and,

4. For attorneys' fees and costs of suit incurred; and,

5. For such other and further relief as this Court deems proper.

## NINTH CAUSE OF ACTION

**(For Interest and/or Finance Charges and Attorneys' Fees)**

1. For interest or finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date each of the forgoing described payment obligations became due and payable to Plaintiff until fully paid;

2. For attorneys' fees and costs of suit incurred; and,

3. For such other and further relief as this Court deems proper.

RYNN & JANOWSKY, LLP

DATED: December 21, 2010     By:   /s/ R. Jason Read
                                   R. JASON READ, attorneys for Plaintiff
                                   SHAPIRO-GILMAN-SHANDLER CO.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SHAPIRO-GILMAN-SHANDLER CO., a corporation,

### DEFENDANTS
AGWA, INC., a corporation d/b/a NORTH PARK PRODUCE CHULA VISTA, also d/b/a GLOBAL GROCER & PRODUCE MARKET, also d/b/a GLOBAL GROCER; et al., (See Attachment A)

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
R. Jason Read, RYNN & JANOWSKY, LLP, 4100 Newport Place Dr. #700, Newport Beach, CA 92660 Tel: (949) 752-2911

Attorneys (If Known)

'10CV2628 L  CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
7 USC §499e et seq.
Brief description of cause:
Breach of Contract; Enforcement of Statutory PACA Trust Provisions; Failure to Maintain PACA Trust Assets; etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 105,258.51
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: December 21, 2010
SIGNATURE OF ATTORNEY OF RECORD: /s/ R. Jason Read

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

| PETITIONER/PLAINTIFF: SHAPIRO-GILMAN-SHANDLER CO. | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: AGWA, INC., et al. | |

## ATTACHMENT A

Defendants (Continued):    ROSETTE SOWELL, an individual; WILLIAM SOWELL, an individual; SHELDON NEHME, an individual; BRENDA NEHME, an individual; JAMIL NEHME, an individual,

Legal Solutions Plus